MAYALL HURLEY P.C.
ROBERT J. WASSERMAN (SBN: 258538)
rwasserman@mayallaw.com
WILLIAM J. GORHAM (SBN: 151773)
wgorham@mayallaw.com
NICHOLAS J. SCARDIGLI (SBN: 249947)
nscardigli@mayallaw.com
VLADIMIR J. KOZINA (SBN: 284645)
vjkozina@mayallaw.com
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
Facsimile: (209) 473-4818

Attorneys for Plaintiff Robin Andrews and the Putative Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN ANDREWS, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>PRESTIGE CARE, INC.; PRESTIGE SENIOR LIVING, LLC; MANTECA VENTURES ALF, LLC; and DOES 1-100, inclusive,<br><br>        Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>1. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**<br>2. **VIOLATION OF LABOR CODE SECTION 2698 ET. SEQ.**<br>3. **SEXUAL HARASSMENT**<br>4. **FAILURE TO PREVENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Robin Andrews brings this class action against Prestige Care, Inc.; Prestige Senior Living, LLC; Manteca Ventures ALF, LLC; and Does 1 through 100, for violations of the California Labor Code.  Separately, Andrews brings individual claims for sexual harassment under the California Fair Employment and Housing Act.

/ / /

/ / /

Class Action and Individual Complaint
Page 1 of 16

## PARTIES

1. Robin Andrews ("Andrews" or "Plaintiff") is and at all times relevant herein was employed in San Joaquin County, California, and was an "employee" as defined by the California Labor Code, the applicable California Industrial Wage Commission ("IWC") Order(s), and the Fair Employment and Housing Act ("FEHA").

2. Prestige Care, Inc. is a corporation doing business in California and an "employer" as defined by the California Labor Code, the applicable IWC Order(s), and the FEHA.

3. At all relevant times herein, Prestige Care, Inc. has been a corporation that owns and operates senior nursing facilities and assisted living facilities in the State of California.

4. Prestige Senior Living, LLC is an Oregon company and an "employer" as defined by the California Labor Code, the applicable IWC Order(s), and the FEHA.

5. At all relevant times herein, Prestige Senior Living, LLC has been a limited liability corporation that owns and operates senior nursing facilities and assisted living facilities in the State of California.

6. At all relevant times herein, Defendants Prestige Care, Inc. and Prestige Senior Living, LLC have been joint employers with each other Defendant in that Prestige Care, Inc. and Prestige Senior Living, LLC imposed policies and procedures that violate the California Labor Code, the applicable IWC Order(s), and the FEHA.

7. Manteca Ventures ALF, LLC is an Oregon company and an "employer" as defined by the California Labor Code, the applicable IWC Order(s), and the FEHA.

8. At all relevant times herein, Manteca Ventures ALF, LLC has been a subsidiary of Defendants Prestige Senior Care, Inc. and Prestige Senior Living, LLC and both Prestige Senior Care, Inc. and Prestige Senior Living, LLC collectively and jointly ratified, participated in, and/or imposed the violations attributable and/or occurring at Manteca Ventures, ALF, LLC's facility where Plaintiff worked, as alleged in this action.

9. Prestige Care, Inc., Prestige Senior Living, LLC, Manteca Ventures ALF, LLC, and Does 1 through 100 are collectively referred to as Defendants.

10. Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants. Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

11. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action. Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1337. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in San Joaquin County, California and Plaintiff's place of employment with Defendants was within this District. Plaintiff hereby demands a jury trial.

///

///

## GENERAL ALLEGATIONS

13. Andrews was hired by Defendants in or around January 2016.

14. Throughout her employment, Andrews was employed as an hourly, non-exempt employee. As such, Andrews was eligible for and routinely worked overtime.

15. From at least February 16, 2017 to present, Defendants have failed to furnish accurate itemized wage statements to their hourly, non-exempt employees which complied with Labor Code Section 226(a).

16. Because the wage statements Defendants furnished to their current and former hourly, non-exempt employees confusingly listed both "Overtime" and "Weighted OT" hours separately, the total hours which appear on each wage statement are inaccurate in violation of Labor Code section 226(a)(2). See **Exhibit 1**.[1] When the hours listed on an employee's wage statement are added together, the total is not equivalent to the actual number of hours worked by the employee, and the total stated on the wage statement reflects this inaccuracy.

17. Second, because the wage statements Defendants furnished to their current and former hourly, non-exempt employees confusingly listed both "Overtime" and "Weighted OT" hours separately, the hourly rates in effect and the corresponding number of hours worked at each rate which appear on each wage statements are inaccurate in violation of Labor Code section 226(a)(9). See also **Exhibit 1**.

18. Separately, Andrews and Defendants' other hourly, non-exempt California employees did not receive all of their meal and rest periods and were instead provided premium pay. See **Exhibit 2**.

19. Defendants were, at all times relevant herein, aware of the requirements of California Labor Code section 226.

---

[1] Exhibits 1 - 2 are incorporated by this reference as though fully set forth herein. Some Exhibits have been reduced and/or redacted due to their size and content.

20. Defendants have, at all times relevant herein, furnished wage statements to each of their California employees pursuant to an established set of policies, procedures and practices.

21. Andrews and Defendants' other California employees, both current and former, have suffered injury as a result of Defendants' knowing and intentional failure to comply with California Labor Code section 226(a).

22. Andrews and Defendants' other hourly, non-exempt California employees, both current and former, who worked overtime, were unable to promptly and easily determine their total hours worked from the wage statements furnished by Defendants.

23. Andrews and Defendants' other hourly, non-exempt California employees, both current and former, who worked overtime, have suffered injury as a result of Defendants' knowing and intentional failure to furnish wage statements accurately showing the total hours worked by them in violation of California Labor Code section 226(a)(2).

24. Andrews and Defendants' other hourly, non-exempt California employees, both current and former, who worked overtime, were unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by Defendants.

25. Andrews and Defendants' other hourly, non-exempt California employees, both current and former, who worked overtime, have suffered injury as a result of Defendants' knowing and intentional failure to furnish wage statements accurately showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

26. On October 27, 2017, Andrews provided written notice to the Labor and Workforce Development Agency ("LWDA") and Defendants regarding the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support those alleged violations.

27. As of the filing of this Complaint, more than 65 calendar days since Andrews' written notice, the LWDA has not provided written notice that it intends to investigate Ms. Andrews' allegations. Accordingly, Andrews has satisfied the administrative prerequisites under Labor Code section 2699.3 to bring a civil action to recover penalties against Defendants, in addition to other remedies, for violations of the California Labor Code.

28. On January 2, 2018, Andrews filed a complaint of sexual harassment against Defendants with the California Department of Fair Employment and Housing ("DFEH"). Andrews was issued a right-to-sue letter the same day. A copy of Andrews' complaint and right-to-sue letter was subsequently served on Defendants by Andrews.

## CLASS ACTION ALLEGATIONS

29. Plaintiff seeks to maintain this action as a class action as to the First Cause of Action. Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The putative class which Plaintiff seeks to represent consists of the following:

> All current and former hourly, non-exempt employees of Defendants who worked overtime between February 16, 2017 and the date of Certification.

30. The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 1,000 employees who satisfy the class definition. Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

31. This action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly

predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

32. There are numerous common questions of law and fact arising out of Defendants' conduct. This class action focuses on Defendants' uniform and systematic failure to provide accurate itemized wage statements that comply with Labor Code section 226(a).

33. Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class. The predominating common or class-wide questions of law and fact include the following:

    a. Whether the wage statements Defendants furnished to their hourly, non-exempt employees comply with Labor Code section 226(a)(2) and 226(a)(9);

    b. Whether the Class is entitled to injunctive relief; and

    c. Whether the Class is entitled to statutory penalties and the amount of the same.

34. Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants. Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

35. The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

36. Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions. Plaintiff has no interests that conflict with those of the Class. Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

37. A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

38. Judicial economy will be served by maintenance of this lawsuit as a class action. To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

39. Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

## FEHA ALLEGATIONS

40. Beginning in or around March 2016, Andrews was repeatedly sexually harassed by her co-worker, Steven Huerta ("Huerta"). The sexual harassment to which Andrews was subjected was severe and pervasive and Defendants knew or should have known of the harassment. In addition, Huerta's conduct was offensive to both a reasonable person and was severely offensive to Andrews.

41. Huerta made inappropriate comments to Andrews of a sexual nature on a continuous basis. For example, Huerta would ask Andrews to come into the cooler in the kitchen (Huerta was the cook) so that he could help her out with sexual relief.

42. Huerta also repeatedly asked Andrews to take a ride in his car so that he could show her how good he was sexually.

43. When Andrews had to go into the kitchen to obtain items for the residents, Huerta repeatedly commented on how good he thought Andrews looked, making additional crude comments such as, "Nice ass."

44. On one occasion, Huerta asked Andrews to sit in his lap so that they could "talk about things that pop up," making a crude reference to his penis.

45. On another occasion, Huerta told Andrews that he could, "Give you something to put in your hole."

46. Although Defendants were fully aware that Huerta engaged in sexually harassing behavior with female employees, Defendants took no reasonable steps to prevent the continued harassment to which Huerta subjected Andrews.

47. On August 24, 2017, Andrews went into the kitchen on her lunch break and was rubbing her right shoulder, which was hurting at the time. Huerta asked if he could massage Andrews' shoulder, telling Andrews he was "really good with his hands."

48. When Andrews rebuffed Huerta's advances, Huerta physically assaulted Andrews by kicking her in the backside, causing her extreme pain and ultimately resulting in her being placed off work by her physician.

49. Andrews immediately reported the assault to Defendants' Executive Director, Karen Pascarella ("Pascarella"), both orally and in writing.

50. Pascarella shrugged off Andrews' complaint, falsely stating, "You know, he [Huerta] put his two weeks' notice in."

51. Andrews pressed the issue, stating that Huerta had harassed and assaulted her and that something needed to be done about it.

52. During this conversation, Pascarella acknowledged that Defendants had been aware of numerous complaints of sexual harassment against Huerta but had not done anything about it.

53. As with these other complaints, Defendants did not take action to address Andrews' complaint.

54. Subsequently, Huerta was caught groping another female employee.

55. In response, Defendants allowed Huerta to resign his position.

**FIRST CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(a)**
**(Failure to Furnish Accurate Itemized Wage Statements)**
**Against Defendants and Does 1-100**

56. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

57. Pursuant to California Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is

a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

58. An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees. Labor Code § 226(e)(1).

59. An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number. Labor Code § 226(e)(2)(A) and (B)(i)-(iv). "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information. Labor Code § 226(e)(2)(C).

60. As set forth above, Defendants intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

61. Wherefore, Plaintiff, the other members of the Class, have been injured as set forth above and request relief as hereafter provided.

/ / /

/ / /

/ / /

---

Class Action and Individual Complaint
Page 11 of 16

## SECOND CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTION 2698 ET SEQ.
(Privat Attorneys General Act)
**Against Defendants and Does 1-100**

62. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

63. Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the LWDA for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

64. Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment. Plaintiff is therefore an aggrieved employee as defined by Labor Code section 2699(c). Other current and former employees are also aggrieved employees in that one or more of the alleged violations were also committed against them during their time of employment with Defendants.

65. Pursuant to Labor Code section 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the Labor Code or, where no civil penalty is specifically provided, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

66. Pursuant to California Labor Code section 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

67. As set forth above, Defendants violated the California Labor Code by, inter alia, failing to provide accurate itemized wage statements and failing to provide their employees with meal and rest breaks.

68. Wherefore, Plaintiff and the other aggrieved employees have been harmed as set forth above and request relief as hereafter provided.

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12940(j)
(Sexual Harassment)
**Against Defendants and Does 1-100**

69. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

70. The Fair Employment and Housing Act ("FEHA") explicitly prohibits any employer or any other person from harassing an employee because of sex/gender. Gov. Code § 12940(j). The FEHA provides that an employer is strictly liable for harassment by supervisors, even if it exercised reasonable care to prevent harassment. The FEHA also provides that harassment by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisor, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. *Id.* Furthermore, an employee of an entity is also personally liable for any prohibited harassment that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate corrective action. Gov. Code § 12940(j)(3).

71. Defendants were at all times relevant herein Plaintiff's employer pursuant to Government Code sections 12926(d) and 12940(j)(4) and was therefore barred from harassing their employees in violation of Government Code section 12940(j).

72. Nevertheless, as set forth above, Defendants harassed Plaintiff in violation of Government Code section 12940(j).

73.     Defendants' conduct, as set forth above, created an abusive and hostile working environment. Defendants harassed Plaintiff and/or failed to take immediate and appropriate corrective action. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile or abusive work environment.

74.     The acts taken toward Plaintiff were carried out in an oppressive, fraudulent and malicious manner in order to injure or damage Plaintiff, thereby justifying an award to her of punitive damages.

75.     Wherefore, Plaintiff has been harmed as set forth above and request relief as hereafter provided.

## FOURTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12940
### (Failure to Prevent)
### Against Defendants and Does 1-100

76.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

77.     The FEHA requires an employer to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring. Gov. Code § 12940(k).

78.     Defendants were at all times relevant herein Plaintiff's employer pursuant to Government Code section 12926(d) and were therefore required to prevent discrimination, harassment, and retaliation pursuant to Government Code section 12940(k).

79.     Defendants knew or should have known of the harassment but did nothing to prevent it. Instead, Defendants encouraged, permitted and/or acquiesced to the unlawful conduct. Consequently, Defendants failed to take all reasonable steps to prevent the harassment from occurring in violation of Government Code section 12940(k).

80.     Wherefore, Plaintiff has been harmed as set forth above and request relief as hereafter provided.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First Cause of Action:**

1. That this Court certify the Class identified in Paragraph 29;
2. That this Court certify Plaintiff as the representative of the Class;
3. That this Court award statutory penalties pursuant to Labor Code section 226(e) to Plaintiff and the members of the Class;
4. That this Court award injunctive relief, including that available under Labor Code section 226(h);
5. That this Court award statutory penalties including, but not limited to, those available under Labor Code section 226;
6. That this Court award statutory attorneys' fees and costs, including those available under Labor Code sections 226(e)(1) and 226(h), as well as Code of Civil Procedure section 1021.5;
7. That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and
8. That this Court award such other and further relief as the court deems just and proper.

**As to the Second Cause of Action:**

1. For civil penalties, including but not limited to those available under Labor Code sections 558 and 2699(f);
2. For injunctive relief to ensure compliance pursuant to Labor Code section 226(h);
3. For statutory attorneys' fees and costs, including but not limited to those available under Labor Code section 2699(g);

Class Action and Individual Complaint
Page 15 of 16

4. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code sections 3287(a) and 3289(b), and Labor Code section 218.6; and

5. For such other and further relief as the court deems just and proper.

**As to the Third and Fourth Causes of Action:**

1. Economic (special) and non-economic (general) damages in an amount yet unknown, but in excess of the minimum jurisdictional limit of this Court;

2. For injunctive relief pursuant to Government Code section 19265(c);

3. For punitive and/or exemplary damages;

4. For statutory attorneys' fees and costs, including those available under Government Code section 12965(b) and Code of Civil Procedure section 1021.5;

5. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available under Civil Code sections 3287(a) and 3289(b); and

6. For such other and further relief as the Court deems just and proper.

DATED: February 16, 2018

MAYALL HURLEY P.C.

By _____
ROBERT J. WASSERMAN
WILLIAM J. GORHAM
NICHOLAS J. SCARDIGLI
VLADIMIR J. KOZINA
Attorneys for Plaintiff and the Putative Class

Class Action and Individual Complaint
Page 16 of 16

# Exhibit 1



Prestige Care, Inc.
Prestige Senior Living, L.L.C.

Manteca Assisted Living
1130 Empire Avenue
Manteca, CA  95336

| | |
|---|---|
| CHECK NO: | 174844 |
| CHECK DATE: | 04/28/2017 |
| PERIOD START: | 04/09/2017 |
| PERIOD END: | 04/22/2017 |
| PAY FREQUENCY: | |

Robin Andrews

ID NUMBER: 590424
PAY RATE: 10.60
DEPARTMENT: Job61714

| | STATUS | EXEMPT | | TAX ADJUSTMENTS | |
|---|---|---|---|---|---|
| FEDERAL: | Single | 1 | FEDERAL: 0.00 | STATE: | 0.00 |
| STATE 1: | Single | 1 | DI UC: | | |
| STATE 2: | | | LOCAL: | | |

**IMPORTANT MESSAGE**

### HOURS AND EARNINGS

| DESCRIPTION | CURRENT HOURS | CURRENT RATE | CURRENT EARNINGS | Y-T-D EARNINGS |
|---|---|---|---|---|
| Attendance Bon | 0.00 | 0.00 | 0.00 | 38.71 |
| CA Meal Premiu | 0.00 | 0.00 | 0.00 | 10.60 |
| CA Shift Guara | 0.00 | 0.00 | 0.00 | 5.30 |
| Orientation 1 | 0.00 | 0.00 | 0.00 | 97.87 |
| Orientation 2 | 0.00 | 0.00 | 0.00 | 58.30 |
| Overtime 2 | 0.00 | 0.00 | 0.00 | 37.80 |
| Overtime 3 | 0.32 | 11.10 | 3.52 | 0.00 |
| Overtime 3 | 0.20 | 12.50 | 2.50 | 16.57 |
| Regular 1 | 0.50 | 10.60 | 5.30 | 122.96 |
| Regular 2 | 51.18 | 10.60 | 542.54 | 0.00 |
| Regular 2 | 7.45 | 12.00 | 89.40 | 2974.56 |
| Regular 3 | 1.93 | 11.10 | 21.46 | 0.00 |
| Regular 3 | 0.55 | 12.50 | 6.88 | 153.79 |
| Retro | 0.00 | 0.00 | 10.67 | 76.23 |
| Training 1 | 0.00 | 0.00 | 0.00 | 18.55 |
| Training 2 | 0.00 | 0.00 | 0.00 | 221.89 |
| Training 3 | 0.00 | 0.00 | 0.00 | 11.10 |
| Weighted OT | 0.32 | 5.31 | 1.68 | 0.00 |
| Weighted OT | 0.20 | 5.46 | 1.09 | 26.74 |
| **TOTAL:** | 62.65 | | 685.04 | 3870.97 |

### TAXES

| DESCRIPTION | CURRENT AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| CA SDI Tax | 6.17 | 34.84 |
| CA State Ta | 3.49 | 19.46 |
| Federal Tax | 48.19 | 268.19 |
| Medicare Ta | 9.93 | 56.13 |
| Soc Sec Tax | 42.47 | 240.00 |
| **TOTAL:** | 110.25 | 618.62 |

### SPECIAL INFORMATION

| | |
|---|---|
| PTO | 2.38 |
| SICK | 21.65 |
| EIB | 0.00 |

### PRE-TAX DEDUCTIONS

| | | |
|---|---|---|
| **TOTAL:** | 0.00 | 0.00 |

### AFTER-TAX DEDUCTIONS

| DESCRIPTION | CURRENT | Y-T-D |
|---|---|---|
| Meal Employee | 19.25 | 33.00 |
| WA Child Suppo | 210.00 | 1223.33 |
| **TOTAL:** | 229.25 | 1256.33 |

### NET PAY DISTRIBUTION

| | GROSS WAGES | PRE-TAX | FIT TAXABLE | TAXES | DED / OTHER | NET PAY |
|---|---|---|---|---|---|---|
| CURRENT | 685.04 | 0.00 | 685.04 | 110.25 | 229.25 | 345.54 |
| Y-T-D | 3870.97 | 0.00 | 3870.97 | 618.62 | 1256.33 | 1996.02 |

Statement Of Earnings       Detach at perforation below and keep for your records.       A Payroll Serv

# Exhibit 2

| Prestige Care, Inc.<br>Prestige Senior Living, L.L.C. | Manteca Assisted Living<br>1130 Empire Avenue<br>Manteca, CA  95336 | CHECK NO: 171064<br>CHECK DATE: 02/17/2017<br>PERIOD START: 01/29/2017<br>PERIOD END: 02/11/2017<br>PAY FREQUENCY: |
|---|---|---|

Robin Andrews

| ID NUMBER: | 590424 | STATUS | EXEMPT | TAX ADJUSTMENTS |
|---|---|---|---|---|
| PAY RATE: | 10.60 | FEDERAL: Single | 1 | FEDERAL: 0.00   STATE: 0.00 |
| DEPARTMENT: | Job61714 | STATE 1: Single | 1 | DI UC: |
|  |  | STATE 2: |  | LOCAL: |

**IMPORTANT MESSAGE**

### HOURS AND EARNINGS

| DESCRIPTION | CURRENT HOURS | CURRENT RATE | CURRENT EARNINGS | Y-T-D EARNINGS |
|---|---|---|---|---|
| CA Meal Premiu | 1.00 | 10.60 | 10.60 | 10.60 |
| Orientation 1 | 9.23 | 10.60 | 97.87 | 97.87 |
| Orientation 2 | 5.50 | 10.60 | 58.30 | 58.30 |
| Regular 1 | 5.62 | 10.60 | 59.54 | 59.54 |
| Regular 2 | 0.25 | 10.60 | 2.65 | 2.65 |
| Training 1 | 1.75 | 10.60 | 18.55 | 18.55 |
| Training 2 | 13.45 | 10.60 | 142.57 | 142.57 |
| Training 3 | 0.50 | 11.10 | 5.55 | 5.55 |
| **TOTAL:** | 37.30 |  | 395.63 | 395.63 |

### TAXES

| DESCRIPTION | CURRENT AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| CA SDI Tax | 3.56 | 3.56 |
| Federal Tax | 15.14 | 15.14 |
| Medicare Ta | 5.74 | 5.74 |
| Soc Sec Tax | 24.53 | 24.53 |
| **TOTAL:** | 48.97 | 48.97 |

### SPECIAL INFORMATION

| EARNED SICK | 12.75 |
|---|---|

### PRE-TAX DEDUCTIONS

| TOTAL: | 0.00 | 0.00 |
|---|---|---|

### AFTER-TAX DEDUCTIONS

| WA Child Suppo | 173.33 | 173.33 |
|---|---|---|
| **TOTAL:** | 173.33 | 173.33 |

### NET PAY DISTRIBUTION

|  | GROSS WAGES | PRE-TAX | FIT TAXABLE | TAXES | DED / OTHER | NET PAY |
|---|---|---|---|---|---|---|
| CURRENT | 395.63 | 0.00 | 395.63 | 48.97 | 173.33 | 173.33 |
| Y-T-D | 395.63 | 0.00 | 395.63 | 48.97 | 173.33 | 173.33 |