**MAYALL HURLEY P.C.**
**ROBERT J. WASSERMAN (SBN: 258538)**
rwasserman@mayallaw.com
**WILLIAM J. GORHAM (SBN: 151773)**
wgorham@mayallaw.com
**NICHOLAS F. SCARDIGLI (SBN: 249947)**
nscardigli@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone:  (209) 477-3833**
**Facsimile:  (209) 473-4818**

Attorneys for Plaintiff Robin Andrews and the Putative Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBIN ANDREWS, an individual,**<br><br>　　Plaintiff,<br><br>vs.<br><br>**PRESTIGE CARE, INC.; PRESTIGE SENIOR LIVING, LLC; MANTECA VENTURES ALF, LLC; and DOES 1-100, inclusive,**<br><br>　　Defendants. | Case No.:  2:18-cv-00378-JAM-KJN<br><br>**AMENDED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br>**(AS AMENDED BY THE COURT)**<br><br>Date:　　　July 14, 2020<br>Time:　　　1:30 p.m.<br>Courtroom:　Courtroom 6, 14th Floor<br>Judge:　　　Hon. John A. Mendez |

　　Plaintiff Robin Andrews' Motion for Final Approval of Class Action Settlement (Dkt. No. 27) and Motion for Attorneys' Fees, Costs, and Service Payment (Dkt. No. 25) came  before the Honorable John A. Mendez.  Neither motion was opposed.  The Court, having fully and carefully reviewed Plaintiff's Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Service Payment, and for the reasons that follow, grants final approval of this class action settlement and the requested award of attorneys' fees and costs. [1]  Specifically, the Court orders as follows:

---

[1] All capitalized terms used in this Order Granting Final Approval of Class Action Settlement (the "Order") shall have the same meanings given those terms in the Parties' Joint Stipulation of Class and Representative Action Settlement Agreement and Release of Claims ("Settlement Agreement" or

1. Plaintiff Robin Andrews is approved and appointed as Class Representative.

2. Mayall Hurley P.C., by and through Lead Counsel Robert J. Wasserman and Vladimir J. Kozina, are approved and appointed as Class Counsel.

3. Atticus Administration, LLC approved and appointed as the Settlement Administrator. The Court further approves payment to Atticus Administration, LLC in the amount of $10,000 for its service in administering the Settlement.

4. The Court finds that the mailing and distribution of the Class Notice met the requirements of due process and provided the best notice practicable under the circumstances.

5. The Court previously conditionally certified the proposed settlement class. (See Dkt. No. 24). Insofar as all certification requirements have been met, the following class is certified:

> All current and former hourly, non-exempt California employees of Defendants who received commissions, non-discretionary bonuses, or other items of compensation and worked overtime during one or more pay periods from February 16, 2014 through December 31, 2018; and all current and former hourly, non-exempt California employees of Defendants who worked overtime and received one or more wages statements between February 16, 2017 and December 31, 2018.

6. One individual, Marietta Bell, has elected to opt-out of the Settlement. No objections were filed by any Class Members as to the terms of the Settlement.

7. The terms of the Settlement Agreement are found to be fair, adequate and reasonable in compliance with Rule 23(e).

8. The Court finds that under California Labor Codes' Private Attorneys General Act ("PAGA"), California Labor Code 2699, *et seq*., a PAGA payment of $20,000 is reasonable and apportions that payment as follows: $15,000 to the LWDA and $5,000 to the settlement class.

9. The Court approves of the proposed Service Payment of $4,250, or 1% of the Maximum Settlement Amount, to Plaintiff for her service as Class Representative.

10. The Court approves of Class Counsel's request of attorneys' fees in the amount of one-third of the Maximum Settlement Amount, or $141,666.67, and declared costs of $12,484.15.

11. Enters this final judgment and directs the parties to act in accordance with the terms in

---

"Settlement"), a copy which is attached as **Exhibit A** to the Declaration of Robert J. Wasserman (Dkt. 25-2), and made a part of this Order.

the settlement agreement.

12. Retains jurisdiction over this matter for purposes of enforcing the settlement agreement and issuing any orders in connection therewith.

Dated: July 17, 2020

/s/ John A. Mendez
HON. JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE